IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINE BUFFONE, | ) |
| Plaintiff, | ) ) ) ) Civil Action No.: 05 C 5551 |
| v. | ) ) Suzanne B. Conlon, Judge |
| ROSEBUD RESTAURANTS, INC, an Illinois Corporation, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Kristine Buffone brought a three-count complaint against her former employer, Rosebud Restaurants, Inc., alleging violations of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), and the Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601, *et seq.* She claimed Rosebud interfered with her FMLA rights, and terminated her in retaliation for taking FMLA leave, or alternatively, on the basis of her pregnancy. Rosebud moved for summary judgment, contending Buffone was legitimately terminated for failure to report to work. Rosebud's motion was denied with respect to Buffone's FMLA interference claim and PDA claim. *Buffone v. Rosebud Rest., Inc.*, No. 05 C 5551, 2006 WL 1843366, at *6 (N.D. Ill. June 28, 2006) (Conlon, J.). Trial begins on September 6, 2006. The parties now move *in limine* to bar evidence at trial.[1] Rosebud also moves for leave to amend its answer. For the reasons set forth below, Rosebud's motion for leave to amend its answer is granted, and the parties' motions *in limine* are granted in part and denied in part.

---

[1] The parties' motions *in limine* were filed as Exhibit M to the joint final pretrial order. Buffone and Rosebud each filed two motions *in limine*.

## DISCUSSION

### I. Motions *in Limine*

#### A. Legal Standard

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (Conlon, J.). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion *in limine* is] subject to change based upon the court's exposure to the evidence at trial").

#### B. Buffone's Motions

##### 1. Disciplinary Record

Buffone seeks to bar evidence concerning a $900 dinner bill she charged to Rosebud in 2001, when she worked as a public relations officer. She asserts Rosebud would likely introduce evidence that the bill was unauthorized. She argues evidence of this bill and her disciplinary record lacks relevancy to this case, because Rosebud articulated only one reason for her termination – that she failed to report to work in September 2003.

Buffone's vague description of an allegedly unauthorized bill, however, fails to provide any context for the court to conclude that her disciplinary record is inadmissible for any purpose. She

does not set forth the circumstances surrounding her alleged submission of an unauthorized bill. Nor does she explain whether or how she was disciplined. As a result, Buffone's motion does not shed light on the relevancy of her disciplinary record, much less refute Rosebud's contention that evidence of an unauthorized bill bears on her credibility. *See Inter-Asset Finanz AG v. Refco, Inc.*, No. 92 C 7833, 1993 WL 311772, at *1 (N.D. Ill. Aug. 12, 1993) (Conlon, J.) (denying motion *in limine* because "the court lacks the proper context for ruling on the admissibility of character evidence"). Absent proper context, her motion *in limine* must be denied. *Hawthorne Partners*, 831 F. Supp. at 1400.

### 2. Prior Bad Acts

Buffone seeks to bar evidence of her prior bad acts on the basis that the evidence lacks relevancy and is unfairly prejudicial. While her motion refers to all prior bad acts, she specifies only: during her deposition, she admitted that she and her husband smoked marijuana during the initial months of her pregnancy. Rosebud responds that evidence of Buffone's illegal drug use is relevant to her credibility. Rosebud further argues Buffone's use of marijuana while pregnant tends to show her pregnancy was a surprise. According to Rosebud's theory, lack of planning contributed to Buffone's failure to report to work.

Determining whether evidence of Buffone's drug use is admissible requires consideration of Fed. R. Evid. 404(b). Under this rule, evidence of prior bad acts is inadmissable to prove Buffone's character, unless Rosebud can articulate a legitimate purpose for admission, such as proof of motive or intent. Fed. R. Evid. 404(b). Rosebud purportedly offers evidence of Buffone's drug use to prove she failed to report to work because of an unplanned pregnancy. To establish admissibility, Rosebud must meet a four-part test by showing: (1) the evidence of

3

Buffone's drug use is relevant to a disputed issue; (2) her drug use is similar enough, and close enough in time, to be relevant to her purported failure to prepare for pregnancy and to report to work; (3) the evidence is probative; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value. *See Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001).

Rosebud cannot satisfy the *Mathis* test because Buffone's drug use lacks relevancy to her purported failure to report to work. Rosebud's theory requires two assumptions: (1) that Buffone and her husband would have refrained from using marijuana if they knew she was pregnant; and (2) that she was so surprised by the unplanned pregnancy that she was unable to report to work. These speculative assumptions preclude Rosebud from building a logical connection between Buffone's drug use and her purported failure to report to work. *See Chesler v. Trinity Indus., Inc.*, No. 99 C 3234, 2002 WL 1822918, at *1 (N.D. Ill. Aug. 8, 2002) (Brown, M.J.) ("evidence [of illegal drug use] is too remote . . . to be relevant to the issues"). Absent relevancy, evidence of Buffone and her husband's drug use is inadmissible. *See Santiago v. Furniture Chauffeurs, Piano Movers, Packers, & Handlers Local 705*, No. 99 C 2886, 2001 WL 11058, at *3 (N.D. Ill. Jan. 4, 2001) (Kennelly, J.) (excluding evidence of prior bad acts for lack of probative value); *cf. E.E.O.C. v. Kim & Ted, Inc.*, No. 95 C 1151, 1996 WL 26871, at *3 (N.D. Ill. Jan. 22, 1996) (Conlon, J.) (denying motion *in limine* to bar evidence of employee's illegal drug use because it relates to her job performance and emotional damages claims). Even if relevant, any arguable probative value of evidence about their drug use is substantially outweighed by the danger of unfair prejudice. *Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994); *see also* Fed. R. Evid.

4

403. Accordingly, Buffone's motion *in limine* is granted with respect to evidence of her and her husband's marijuana use.

### C. Rosebud's Motions

Rosebud moves to bar the testimony of two witnesses based on Buffone's alleged failure to comply with Fed. R. Civ. P. 26. Under this rule, Buffone must disclose to Rosebud "each individual likely to have discoverable information" about the case. Fed. R. Civ. P. 26(a)(1)(A), (2)(A). She must supplement her disclosures if she learns that information previously disclosed is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). But she has "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." *Id.* advisory committee's note. To ensure compliance with disclosure requirements, Rule 37 provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

### 1. Carol Wurtz

Rosebud seeks to bar Carol Wurtz from testifying at trial because she was not identified in Buffone's Rule 26(a)(1) disclosure. Rosebud claims it first learned of Wurtz, Buffone's mother, during Buffone's deposition 13 days before discovery closed. Rosebud argues it lacked sufficient time to depose Wurtz because she resides outside the court's jurisdiction. Buffone

responds that because she identified Wurtz at deposition, she met Rule 26's disclosure requirement. Buffone also submits an e-mail showing that despite her offer to assist in arranging Wurtz's deposition, Rosebud failed to exercise due diligence.

Buffone's arguments are persuasive. This court has repeatedly held that parties need not supplement Rule 26(a)(1) disclosure of a witness, if the witness is identified during deposition. *E.g., Cox v. Prime Fin. Mortgage Corp.*, No. 05 C 4814, 2006 WL 1049948, at *2 (N.D. Ill. Apr. 20, 2006) (Conlon, J.); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, Nos. 00 C 5658 & 00 C 7086, 2003 WL 2005233, at *7 (N.D. Ill. Apr. 30, 2003) (Conlon, J.). In addition, Rosebud's complaint of prejudice lacks merit. Rosebud chose to depose Buffone near the end of the extended discovery period; this choice resulted in a foreseeably short time to follow up on Buffone's deposition. Nevertheless, Rosebud had nearly two weeks before the close of discovery to depose Wurtz, but failed to do so. Accordingly, Rosebud's motion *in limine* to bar Wurtz from testifying at trial must be denied. *Id.* (denying motion *in limine* for lack of prejudice resulting from nondisclosure); *PRG-Schultz Int'l, Inc. v. Kirix Corp.*, No. 03 C 1867, 2003 WL 22410078, at *3 (N.D. Ill. Oct. 21, 2003) (Conlon, J.) (same).

### 2. Dr. Hubka as Expert Witness

Rosebud seeks to bar Dr. Teresa A. Hubka's expert testimony because she was disclosed as an expert witness only 13 days before discovery closed, in violation of the court's standing order and discovery schedule. Rosebud argues Buffone failed to provide Dr. Hubka's expert report required by Rule 26(a)(2)(B). Rosebud claims Buffone's untimely and defective disclosure resulted in prejudice. Buffone responds she identified Dr. Hubka as a fact witness in

6

her Rule 26(a)(1) disclosure, and that she was not required to provide an expert report because Dr. Hubka was her treating physician.

It is settled that "*all* witnesses who are to give expert testimony . . . must be disclosed under Rule 26(a)(2)(A)." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004) (emphasis in original). If a witness is "retained or specifically employed to provide expert testimony in the case," Rule 26 further requires disclosure of a detailed report on the witness' opinions and qualifications:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). In addition to these detailed requirements, a Rule 26(a)(2) disclosure must be timely. Fed. R. Civ. P. 26(a)(2)(C) ("disclosure shall be made at the times . . . directed by the court"). Under this court's standing order, a party must comply with Rule 26(a)(2) 30 days before discovery closes. Case Management Procedures, *available at* http://www.ilnd.uscourts.gov/JUDGE/CONLON/sbcpage.htm. In this case, the court ordered the parties to comply with Rule 26(a)(2) by February 27, 2006, and extended the discovery cut-off to May 9, 2006. Minute Order, Dkt. No. 12 (Oct. 28, 2005); Minute Order, Dkt. No. 28 (Feb. 28, 2006).

Buffone's disclosure of Dr. Hubka as an expert witness is both untimely and defective. Buffone failed to meet the initial Rule 26(a)(2) disclosure deadline of February 27, 2006. Then

7

13 days before discovery closed, she purported to comply with Rule 26(a)(2) in a two-sentence disclosure:

> Additionally, although we had previously disclosed Dr. Teresa A. Hubka in [p]laintiff's Rule 26(a)(1) disclosures, we are hereby disclosing Dr. Hubka pursuant to Fed. R. Civ. P. 26(a)(2) as well. We may call Dr. Hubka at trial regarding her treatment and observations of Ms. Buffone during her pregnancy.

Def. Mot. Ex. 1 (Buffone's April 26, 2006 letter). This belated identification of Dr. Hubka as an expert is defective for two reasons. First, Buffone's disclosure of Dr. Hubka as a fact witness cannot substitute for a Rule 26(a)(2) disclosure. *See Musser*, 356 F.3d at 757 ("[f]ormal disclosure of experts is not pointless"). Second, her disclosure lacks any details required under Rule 26(a)(2)(B). Buffone asserts, without any factual support, that Dr. Hubka was her treating physician and therefore exempt from Rule 26(a)(2)(B) requirements. *See, e.g., Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 520926, at *4 (N.D. Ill. Apr. 24, 2000) (Conlon, J.) (treating physicians may be exempt from Rule 26(a)(2)(B)'s requirement of an expert report). Contrary to Buffone's assertion, the record indicates Dr. Hubka bears the characteristics of a retained expert contemplated in Rule 26(a)(2)(B): in a letter to Rosebud regarding her deposition, Dr. Hubka demanded her "usual and customary fee of $400.00/hour with a [half] day minimum of $4000.00." Pl. Resp. Ex. 4 (Dr. Hubka's May 15, 2006 letter). Even accepting Buffone's assertion at face value, the court lacks any factual basis to determine whether Dr. Hubka may be exempt from Rule 26(a)(2)(B) requirements because Buffone fails to provide any details on the scope of Dr. Hubka's testimony or her purported treatment of Buffone. *Harlow v. Eli Lilly & Co.*, No. 94 C 4840, 1995 WL 319728, at *3 (N.D. Ill. May 25, 1995) (Conlon, J.) ("[t]he sparse record does not indicate whether [the witness] is in fact [a treating physician] exempt from the written report requirement"); *see also Musser*, 356 F.3d at 758 n.3 (stating "if [a treating

physician's] Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, [an expert report] may be necessary").

This record reflects Buffone has failed to comply with Rule 26(a)(2) without good cause. Her failure precludes Rosebud from taking "countermeasures . . . that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . [and] retaining rebuttal experts." *See id.* at 757-58 (barring treating physicians from testifying as experts because "failure to disclose experts prejudiced [defendants]"). Accordingly, Buffone must be barred from calling Dr. Hubka as an expert witness. *Id.* (excluding expert testimony for failure to comply with Rule 26(a)(2)); *see also Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2004 WL 2260626, at *2 (N.D. Ill. Oct. 1, 2004) (Conlon, J.) (same).

## II. Rosebud's Motion for Leave to Amend

Under Fed. R. Civ. P. 15(a), the court possesses wide latitude to grant leave to amend pleadings. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The court may grant leave unless "there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party." *Id.* Rosebud seeks to amend its answer to add an affirmative defense of failure to mitigate damages. Rosebud contends its motion is timely because evidence about this affirmative defense did not surface until April 27, 2006, when Buffone was deposed. Rosebud argues inclusion of this affirmative defense would not prejudice Buffone because evidence of mitigation is solely within her knowledge.

Rosebud's arguments are persuasive. In similar cases, the court has granted leave to include an affirmative defense of failure to mitigate damages. *E.g., Toys "R" Us, Inc. v. NBD Trust Co. of Ill.*, No. 88 C 10349, 1995 WL 591459, at *3 (N.D. Ill. Oct. 4, 1995) (Nordberg, J.)

(granting leave because an amendment will not prejudice plaintiff); *Gottfried v. Ill. Cent. R.R. Co.*, No. 94 C 5249, 1995 WL 12478, at *1 (N.D. Ill. Jan. 10, 1995) (Kocoras, J.) (same). Here, no prejudice or undue delay is shown because Buffone has not responded to Rosebud's motion. Accordingly, Rosebud is granted leave to amend its answer to include an affirmative defense of failure to mitigate damages.

Buffone moves *in limine* to bar all evidence of mitigation based on Rosebud's failure to plead an affirmative defense of mitigation. Because Rosebud is granted leave to plead this affirmative defense, Buffone's motion is denied as moot.

## CONCLUSION

For the reasons set forth above, Buffone's motion to bar evidence of marijuana use and Rosebud's motion to bar Dr. Teresa A. Hubka from testifying as an expert are granted. The remaining motions *in limine* are denied. Rosebud's motion to amend its answer is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

August 21, 2006