IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINE BUFFONE, | )<br>) |
| Plaintiff, | )<br>) Civil Action No.: 05 C 5551 |
| v. | )<br>) Suzanne B. Conlon, Judge |
| ROSEBUD RESTAURANTS, INC., an Illinois Corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Kristine Buffone sued her former employer, Rosebud Restaurants, Inc., alleging violations of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), and the Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601, *et seq.* After a jury trial, judgment was entered in Buffone's favor. Buffone now seeks $2,916.80 in costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Recoverable costs are specified in 28 U.S.C. § 1920, and include (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. There is a presumption in favor of awarding costs to the prevailing party. *Beamon v. Marshall Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). District courts have wide

latitude in evaluating and awarding costs. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995) (citations omitted). However, the court must carefully examine a prevailing party's bill of costs. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). To award costs, the court must determine that each item is allowable under § 1920, and that the amounts are reasonable and necessary to the litigation. *Deimer*, 58 F.3d at 345.

**A.      Filing Fees**

Buffone seeks $250.00 for filing fees. Filing fees are properly recoverable by a prevailing party under § 1920(1). 28 U.S.C. § 1920; *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993). Accordingly, Rosebud is taxed $250.00.

**B.      Court Reporter Attendance and Transcript Fees**

Buffone seeks $1,280.34 in court reporter attendance and transcript fees, including copies, ASCII disks, and courier fees. The court may tax fees of the court reporter for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Fees for transcripts are limited to rates established by the Judicial Conference of the United States. Local Rule 54.1(b). Rates may not exceed $3.30 per page for ordinary transcripts, $4.40 per page for expedited transcripts, $5.50 for daily transcripts, or $0.83 per page for the first copy. General Order, United States District Court, Northern District of Illinois, http://10.205.15.104/ CLERKS_OFFICE/ CrtReporter/ trnscrpt.htm (updated February 28, 2003). Transcripts need not be "indispensable" to the litigation to support an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Buffone requests $389.40 for copies of the deposition transcripts of Nancy Krause, Ed Bryant, and Yvonne Burke. Rosebud does not challenge Buffone's need for the transcripts, and the

court finds the transcripts reasonably necessary to the litigation. Based on the number of pages of each deposition, the costs of the copies are within Judicial Conference rates. The invoices indicate the vendor, Jensen Reporting, applied a 10% discount to the total. Rosebud is taxed $389.40, minus a 10% discount, or $350.46.

Buffone seeks $571.20 for copies of her own and her husband Douglas' deposition transcripts. Rosebud objects on the ground that neither Buffone's schedule of costs nor the invoice indicates the number of pages or method of calculation for the charges. Without this information, the court cannot determine whether the specified costs are reasonable. *See Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.) (denying transcript costs in the absence of documentation regarding the number of pages); *see also Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *1 (N.D. Ill. Oct. 30, 2006) (Conlon, J.) (same). No costs can be awarded for these copies.

Buffone seeks "Exhibit Handling" and "Courier" costs. Under the Judicial Conference guidelines, delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts. *Antonson v. United Armored Services, Inc.*, No. 00 C 4095, 2002 WL 908424, at *2 (N.D. Ill. May 6, 2002) (Leinenweber, J.); *Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *2 (N.D. Ill. 2003) (Leinenweber, J.); *see also Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975) (postage charges ordinarily not recoverable). Buffone's handling and delivery charges are denied.

Buffone seeks $60.00 for the cost of ASCII disks for the deposition transcripts of Krause, Bryant, and Burke. Charges for ASCII disks of deposition transcripts are not recoverable because ASCII disks are for the attorney's convenience and are not necessary to litigation. *Ochana v. Flores*,

3

206 F. Supp. 2d 941, 945 (N.D. Ill. 2002); *Antonson*, 2002 WL 908424, at *2. The cost of ASCII disks is denied.

Buffone may recover court reporter attendance fees as part of the reasonable and necessary costs of obtaining a deposition transcript under § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Buffone's reporter attendance fees of $220.00 for four hours ($55.00 per hour) (minus the 10% vendor discount) are reasonable, and Rosebud does not object. *Thomas v. Guardsmark, Inc.*, No. 02 C 8848, 2005 WL 2405823, at *2 (N.D. Ill. Sept. 27, 2005) (Conlon, J.). Rosebud is taxed $198.00 for court reporter attendance fees.

Buffone seeks $79.68 for an expedited first copy of a transcript of proceedings before the court on the morning of September 7, 2006 (96 pages charged at the ordinary first copy rate of $0.83). Transcripts of court proceedings are recoverable under §1920(2) if necessarily obtained for use in a case. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Rosebud does not object. The court finds the cost reasonable and in compliance with the rate established by the Judicial Conference. Taxing of the transcript's cost to Rosebud is allowed.

C.  **Witness Fees**

Buffone seeks $40.00 in witness fees for the record keeper in the office of Dr. Teresa Hubka. Fees for witnesses are expressly authorized under 28 U.S.C. § 1920(3). The fee sought is reasonable because it is equal to the allowed fee specified 28 U.S.C. § 1821(b). Rosebud does not object to the fee.

D.  **Other Costs**

Buffone seeks $202.68 for a canvas bag used to carry exhibits. The cost is denied because she fails to show the expense is reasonable and necessary to the litigation. *Glenayre Electronics,*

2003 WL 21947112, at *5 (cost of two large exhibit bags denied because they were not exhibits and were not shown to be necessary to the litigation).

Buffone seeks $1,143.78 for "demonstrative evidence" and submits an invoice for a mounted magnetic board, a mounted magnetic plaque, a color copy, and a mounted enlargement. The invoice also includes service charges for computer design, art direction and infodesign consulting. Recovery of fees associated with "exemplification" is allowed under 28 U.S.C. § 1920(4). Exemplification is generally understood to permit an award for the reasonable expense of preparing "maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (quoting 6 Moore's Federal Practice ¶ 54.77[6] at 1739 (2d ed.)). A judge must consider whether an item qualifies as exemplification, as well as whether it was "necessarily obtained for use in the case." *Id.* at 428 (quoting 28 U.S.C. § 1920(4)). Among other factors, the judge may consider whether the exemplification was "vital" to the presentation of information at trial, or whether it was "merely a convenience or, worse, an extravagance." *Id.* at 428-29.

Buffone fails to provide sufficient descriptive information allowing the court to determine whether the costs sought are reasonable and necessary. *Glenayre Electronics*, 2003 WL 21947112, at *5 (costs denied for exhibits and consultation and design services not sufficiently described). Buffone does not identify the exhibits or indicate whether they were admitted at trial. Nor does she describe the design and consulting services. The items may have been enlargements of existing exhibits. Unless enlargement furthers an illustrative purpose, it would not be compensable as exemplification. *Cefalu*, 211 F.3d at 428. The case was not a technical one, requiring demonstrations of mechanical or other complex processes. Buffone fails to establish that the charges for "demonstrative evidence" are reasonable and necessary to the litigation.

## CONCLUSION

Buffone's bill of costs is granted in part and denied in part. She is awarded the following costs: $250.00 for filing fees, $350.46 for deposition transcripts, $198.00 for court reporter attendance fees, $79.68 for a transcript of court proceedings, and $40.00 for witness fees. She is entitled to a total award of $918.14.

ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge

October 31, 2006