6193463 (SBB) / 6181383 (EJS)      SBB:tps      11/13/06      WHITE      16887-3-73

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTINE BUFFONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 05 C 5551** |
| | ) | |
| **ROSEBUD RESTAURANTS, INC.** | ) | **Hon. Suzanne B. Conlon** |
| **an Illinois corporation,** | ) | |
| | ) | **Mag. Sidney I. Schenkier** |
| **Defendant.** | ) | |

### <u>SPECIFIC OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL FEE PETITION</u>

On January 3, 2007, this Court submitted its Report and Recommendation on plaintiff's Petition for Attorneys Fees recommending an award of $125,444.50. In so finding, this Court deferred ruling on the issue of "fees on fees" and, instead, ordered plaintiff "to submit a supplemental statement of time spent on the fee petition (and any other matter for which plaintiff seeks compensation)." Rep. & Rec. at 29. ROSEBUD was ordered to submit any objections to this statement by January 19, 2007. <u>Id.</u> In addition to any objections, ROSEBUD was directed to submit a statement of the time that it spent litigating plaintiff's Petition for Attorneys Fees and Costs. <u>Id.</u> In compliance with this Court's order, ROSEBUD sets forth its objections to specific portions of plaintiff's Supplemental Petition for Attorneys' Fee and Costs and specific billing entries and the legal basis therefor. A statement of the time spent by ROSEBUD's attorneys litigating plaintiff's Petition for Attorneys Fees and Costs is attached hereto as Exhibit 1.

### I.      OBJECTION 1: Billable Costs

ROSEBUD specifically objects to all billing entries set forth on page xi of Exhibit of the Supplemental Fee Petition. See Supp. Fee Pet. at Ex. 1 at xi. Plaintiff seeks a total of $3,605.18 for "billable costs" in her supplemental fee petition for such expenditures as Trial Graphix, photocopies, mileage, postage, messenger fees. <u>Id.</u> Plaintiff provides no documentation for any such expenditures whatsoever (i.e. no receipts, invoices, etc.) and provides virtually no description of what these alleged costs stemmed from in substance (i.e. the descriptions are merely enumerated in the billing

log under cryptic and vague descriptions such as "photocopies," "postage," "Miscellaneous: Trial Graphix," etc. without further explanation of the charge sought). Id. This request is frivolous.

_____As explained in ROSEBUD's Response to plaintiff's initial Fee Petition, nontaxable expenses "are part of the reasonable attorney's fees allowed by the Civil Rights Attorney's Fees Act" and the burden of establishing entitlement to these *is on the fee petitioner* at all times. Resp. at 13-14(citing cases). In accord with this burden, any failure to provide documentation of such expenditures (i.e. receipts, invoices, etc.) requires such expenses be denied. Id. In denying these exact same categories of expenses in the Report and Recommendation, this Court noted that "it was incumbent upon plaintiff to provide the Court with the information necessary to ascertain both that the non-taxable expenses were actually incurred, and that they were reasonable." Rep. & Rec. at 27-28. Because plaintiff "failed to provide that information," this Court held such expenses not recoverable. Id. As plaintiff did not point out this denial of expenses as one on which she had an objection to the Report and Recommendation to the District Court, plaintiff apparently has no disagreement with this denial. See Rep. & Rec. at 27-28; Pl.'s Obj. to Rep. & Rec. (January 12, 2007). Indeed, this exact point was one the District Court *itself* specifically pointed out to plaintiff when she attempted to recover for many of these exact same expenditures as costs and was denied such recovery for the first time. See Buffone v. Rosebud Restaurants, Inc., 2006 WL 3196931, *3 (N.D. Ill. 2006)(Conlon, J.)(order of plaintiff's bill of costs). As this Court noted in the Report and Recommendation, it "will use the same criteria to judge [the Supplemental Fee Petition] as we have explained in [the Report and Recommendation]." Rep. & Rec. at 29. Accordingly, for the reasons previously set forth by this Court, plaintiff is not entitled to any portion of the $3,605.18 prayed for as "billable costs" in the Supplemental Fee Petition. Id. at 27-28. Thus, without going any further, plaintiff's attempt to recover any of these costs is precluded as a matter of law.

In addition to ignoring this Court's admonition about her lack of documentation of expenses, plaintiff's frivolous attempt to recover this $3,605.18 becomes almost intolerably brazen when it is revealed that plaintiff also sought recovery and was denied some of these *exact same expenses* by the District Court in her Bill of Costs. To wit, plaintiff's exact $1143.78 Trial Graphix expenditure asserted here was also asserted in her Bill of Costs and specifically denied by Judge Conlon as not recoverable as a reasonable or necessary expenditure. See Buffone at *3 (denying plaintiff recover

2

for $1143.78 Trial Graphix cost). Plaintiff not only seeks recovery for this again, but now claims (again, without providing documentation) that she also spent another $1740 on Trial Graphix expenses. See Supp. Fee Pet. at Ex. 1 at xi. In light of this Court's and the District Court's separate decisions, it is difficult to see how this brazen misconduct could be construed as being made in good faith. In the interests of moving beyond this protracted fee litigation, ROSEBUD decided not to seek sanctions for this egregious conduct. However, ROSEBUD would suggest that this Court simply deny the Supplemental Fee Petition altogether. Under the present circumstances, a simple denial of the entire Supplemental Fee Petition is not unwarranted by the court of this circuit and is uniquely appropriate under the particularly egregious circumstances of this case. See Koski v. Gainer, 92 C 3293,1999 WL 731783, *1-3 (August 27, 1999, N.D. Ill.)(denial of supplemental fee petition seeking $44,220 in fees and expenses incurred subsequent to judgment due to failure to appropriately document fees and expenses).

## II.     OBJECTION 2: "Fees on Fees"[1]

Plaintiff seeks recovery for 62.75 hours for "fees on fees" pertaining to litigation of the present fee petition totaling $22,082.50 that make up more than half of the present Supplemental Fee Petition prayer of $42,590. See Supp. Pet. at 3-4. This includes a total time recovery by Mr. Hollander for 52.5 total hours. Id. Plaintiff's initial Fee Petition sought recovery for 27 hours by Mr. Hollander at $395 per hour on 9/14-9/18/2006 for "Research and preparation fee petition." These vague entries were billed in 9 hour, 8 hour, and 6 hour blocks respectively. See Resp. Fee Pet.

---

[1] In accord with this Court's request that ROSEBUD object to specific time entries, ROSEBUD hereby adopts plaintiff's summary of the specific "fees on fees" entries reflected in footnote 1 of plaintiff's Supplemental Petition for Attorney's Fees and Costs. See Supp. Fee Pet. at 3. ROSEBUD concedes that its own time expenditures in litigating the fee petition were similar to plaintiff's in this case. While ROSEBUD disagrees that a Court awarding attorneys fees should simply compare the fees of defendants with voluntary billing arrangements with their attorneys with plaintiffs who seek to involuntarily compel payment of such fees through a Fee Petition (see e.g. Entertainment Software Ass'n v. Blagojevich, 05 C 4265, 2006 WL 3694851, *9 n.4 (August 9, 2006, N.D. Ill.), there are additional reasons to distinguish the particular bills in this case. First, the total expenditures for fees litigation on behalf of ROSEBUD totaled only $13,600 compared to the $22,082.50 claimed by plaintiff (roughly 40% less). Second, as the ROSEBUD's present attorneys did not appear in this case until October 2006, these post-trial attorneys were required to expend more time "catching up" on the particular facts and issues of this case and the respective billing records to prepare its objections to plaintiff's fee petition that plaintiff would not have been required to do given her attorney's familiarity with the intricacies of the case and its own bills. Third, the overwhelming majority of the fees litigation (over 85%) was delegated to an associate attorney, Timothy Scahill, with far less experience in litigating these matters than Mr. Hollander. Thus, a simple comparison of the time spent litigating fees does not justly provide for the equities of this case and ROSEBUD encourages this Court to review plaintiff's bills and billing entries for objective reasonableness as required by Hensley v. Eckerhart, 461 U.S. 424 (1983)..

at Ex. 1 at 36. On the dates Mr. Hollander spent time allegedly preparing the fee petition, ROSEBUD had not yet even provided plaintiff its objections to plaintiff's fees; these objections were not provided until October 18, 2006. See Resp. Fee Pet. at Ex. 2. In deferring ruling on the reasonableness of this expenditure, this Court noted that this 27 hour expenditure "was more time than [Mr. Hollander] spent trying the case" and that this amount "strikes the Court at first blush to be excessive given Mr. Hollander's experience and abilities, and given that this work did not constitute all of the time devoted to preparing the fee petition." Rep. & Rec. at 22 n.10.

On November 14, 2006, plaintiff asserts a 5.25 hour expenditure for "Prepare reply to fee: petition: confer w/ P. Ryan re: same" by Mr. Hollander and .25 hour expenditure for "Prepare Motion for Leave to Reply." Supp. Pet. at vii-viii. As the basis for such Reply, plaintiff's Motion for Leave to File a Reply Brief stated that she "intend[ed] to attach billing records furnished by Defendant's predecessor counsel to her reply brief." Id. at ¶ 3. Plaintiff did not advise in this motion that she intended to attach any other materials to her reply brief and did not supply the Court or ROSEBUD with a copy of this brief prior to the present date of this motion. Id. In open court, ROSEBUD objected to such filing. In granting leave to file, the Court noted that it would like to review ROSEBUD's counsel's bills in preparing its Report and Recommendation and noted that if the Court did not find the Reply brief helpful, plaintiff would be denied fees for its preparation.

Plaintiff's Reply Brief was slightly longer than the initial fee petition. See Pl.'s Reply (November 22, 2006). Additionally, contrary to plaintiff's statements about the content of this Reply brief, plaintiff attempted to bring before the Court not only copies of ROSEBUD's bills but also five additional exhibits of extraneous evidentiary materials never provided to ROSEBUD purportedly supporting the reasonableness of the billing rates in this case. See Reply at Ex. 1-5. Plaintiff never gave any indication to the Court in its Motion for Leave to File nor to ROSEBUD's counsel that such materials would be put before the Court and ROSEBUD was never given any opportunity to address these additional materials. See Mot. Leave File Reply. Plaintiff spent several pages arguing the significance of these never before produced materials in the Reply brief in the context of discussing plaintiff's billing rates on pages 2 through 6 of the Reply brief. Reply at at 2-6.

Finally, plaintiff seeks a three hour expenditure of time on January 9, 2007 for preparation of the eight-page Supplemental Fee Petition by Mr. Hollander and a three hour expenditure by a

paralegal for "Preparation of billing log."  Supp. Pet at Ex. 1 at x.

ROSEBUD has a general objection to the 62.75 hours sought for "fees on fees" in the context of this case and specific objection to the particular manner in which plaintiff expended such hours in this case.

1.    **General Reasonableness of "Fees On Fees."** As set forth previously, courts are generally not in favor of shifting additional fees incurred in preparing fee petitions.  Woodard v. Chicago Bd. of Educ., 00 C 5515, 2002 WL 31749179, *3 (N.D. Ill., Dec. 6, 2002); Harper v. City of Chicago Heights, Nos. 87 C 5112, 88 C 9800,1994 WL 710782 (N.D. Ill., Dec. 16, 1994).  Accordingly, reduction of such excessive expenditures are commonplace.  Batt v. Micro Warehouse, Inc., 241 F. 2d 891, 894 (7th Cir. 2001)(reduction of10.5 hours on fee petition to 2 hours); Spegon v.Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir.1999) (reduction to 1.6 hours for fee petition); Kurowski v. Krajewski, 848 F. 2d 767, 776 (7th Cir. 1988).  Indeed, the recoverability of attorneys fees "dwindles with each repeated stage of an attorneys fees proceeding" and the Seventh Circuit has held that courts may deny requests for "second-round" attorneys fees if the circumstances so dictate.  Muscare v. Quinn, 680 F. 2d 42 (7th Cir. 1982); Northwestern Nat. Life Ins. Co. of Milwaukee, Wisconsin v. Lutz, 933 F. Supp. 730, 732 (C.D. Ill. 1996)(denying fees).  Thus, for this reason alone, plaintiff's recoverable "fees on fees" should be reduced from 62.75 hours to a far more reasonable 10 hours under the circumstances of this case. As indicated below, plaintiff's voluntary decision to incur more fees in this matter by moving for leave to file a Reply brief and by offering endless unreasonable billing entries mitigates in favor of simply awarding this final reasonable amount.  Id.

2.    **27 Hour Entries From September 14-18, 2006.** The particular manner in which Mr. Hollander spent his time litigating the fee petition subsequent to September 18, 2006 indicates that the specific claimed 27 hour expenditure on the initial fee petition prior to September 19, 2006 is grossly overstated or resulted from particularly poor time management by Mr. Hollander during late September 2006.  First, Mr. Hollander did not even know what particular objections ROSEBUD was going to raise during September 2006.  Again, these issues were not brought up until October 18, 2006.  See Resp. Fee Pet. at Ex. 2.  As Local Rule 54.3(f) expressly requires that specifically requires a fee petition to be limited to discussing the "disputed issues," it is simply not possible that Mr. Hollander could have expended these hours seeking to prepare a responsive and compliant fee petition.  Thus, without some further explanation of what went on during these three days, the cryptic descriptions provided (i.e. "Research and preparation fee petition.") simply do not pass muster and, quite frankly, are suspicious.  Second, even assuming that Mr. Hollander was diligently trying to *predict* what objections ROSEBUD would make to these bills in September (which itself would raise questions about whether this was a "reasonable" use of time), it is difficult to conceive how Mr. Hollander's longer and more detailed Reply brief took roughly 1/3 of the time to complete as this initial fee petition (5.25 hours compared to 27 hours).  The excess of this 27 hour expenditure is further underscored by the fact that Mr.

5

Hollander spent only three hours preparing the present Supplemental Fee Petition which was almost half as long as the initial Fee Petition. See Supp. Fee Pet. Indeed, Mr. Hollander averaged the *exact same* number of pages per hour (.375) on the Reply brief and Supplemental Fee Petition but somehow averaged a whopping *2 hours per page* on preparing an initial fee petition for which he had absolutely no idea of the "disputed issues" to which this fee petition was to be limited by Local Rule. This gross overstatement cannot stand as reasonably incurred. In this regard, at minium, Mr. Hollander's 27 hour expenditure prior to September 19, 2006 should be reduced to the rate at which he worked on the somewhat more reasonable rate in the Reply brief and the Supplemental Fee Petition (.375 pages per hour). Calculating the thirteen and a half page Fee Petition at this rate results in a reasonable time expenditure of approximately 5 hours instead of 27 hours.

3.    **Billing Entry From 11/14/2006 (EKH).** ROSEBUD objects to awarding the full 5.25 incurred by Mr. Hollander in preparing the Reply brief in support of the Fee Petition. As noted above, a significant portion of plaintiff's Reply brief consisted of the discussion of evidence and information that found its way before the Court through plaintiff's misrepresentation to the Court regarding the content of this brief. To the extent plaintiff prepared exhibits and argued the significance of the additional material not disclosed to the Court, the Report and Recommendation properly refused to place any significance on such materials. See Rep. & Rec. at 1-30. Accordingly, this significant portion of the fee petition was not "helpful" in any manner to the Court and, thus, an appropriate portion of the fee incurred should be denied. As discussion of these improper materials took place over 5 pages of the Reply brief and constituted the overwhelming majority of the attached exhibits, ROSEBUD suggests a reduction of 1/3 of the 5.25 hour entry on this basis alone.

Additionally, to the extent plaintiff's Reply brief was necessitated by her own failure to attach copies of ROSEBUD's billing entries to the original fee petition (as was the represented purpose of plaintiff's Motion for Leave to File a Reply Brief), plaintiff's attempt to remedy this error through further filings does not warrant an award of additional fees. See Lear Siegler Diversified Holdings Corp. v. Regal Beloit Corp., 97 C 4018, 1999 WL 436593, *4-5 (June 22, 1999, N.D. Ill.)(denial of fees for preparation of amended fee petition necessitated by plaintiff's failure to properly support original petition); Lee v. Sullivan, 723 F. Supp. 92, 96 (E.D. Wis. 1989)(same). Thus, on this basis, the entire remainder of the Reply brief should be disregarded as necessitated by plaintiff's own failure to completely prepare her original Fee Petition and plaintiff's 5.25 hour expenditure should be stricken.

4.    **Billing Entries for 9/19/2006 and 1/9/2007 (PH).** With respect to the remainder of the time spent litigating fees in this matter, ROSEBUD objects to the two separate three hour expenditures by Patricia Howard on September 19, 2006 and January 9, 2007 for "Preparation of billing log." Supp. Pet. at Ex. 1 at ii, x. These "billing logs" appear to be simply the billing records maintained by plaintiff's attorneys in the normal course of business. In the normal course of a plaintiff's-side employment law firm, these billing records should be recoverable by merely accessing billing records on a computer and printing copies of such entries. Three hours each is grossly excessive for these ministerial tasks and,

6

thus, this entry should be reduced to a maximum of .5 hour each.

5.    **Preparation of Bill of Costs.**  Plaintiff seeks 6.75 hours for preparing her Bill of Costs.[2] Such Bill of Costs merely requires filling out a self-calculating one-page form accessible on the website of the United States District Court for the Northern District of Illinois (see http://www.ilnd.uscourts.gov/PUBLIC/Forms/ao133.pdf), attaching receipts substantiating these costs, and filing these with the Court.  This form sets forth several specific categories of recoverable costs and simply asks for a party to insert a total.  The CM/ECF system does not reflect that any memorandum of law was filed in support of these costs by plaintiff and no Reply to ROSEBUD's objections was granted or filed by plaintiff either.

Plaintiff sought $2,916.80 in costs in this Bill of Costs. See Buffone, 2006 WL 3196931 at *1. Plaintiff was awarded only $918.14 (less than 1/3 of the amount sought). Id. at *3.  6.75 hours is grossly excessive under these circumstances.  The simple task of printing out cost invoices and punching numbers into a form which calculates the totals itself should not take anywhere near 6.75 hours.  As with plaintiff's billing logs, all invoices and receipts should be kept in a readily accessible place during the normal course of business.  The form itself specifies what particular categories are recoverable as costs, thus obviating any particular need to research what should be included on this form.  Thus, it is inconceivable what tasks could have taken 6.75 hours in the first place.  Additionally, whatever amount is deemed reasonable by this Court for preparing this simple Bill of Costs should be subject to a significant reduction in light of the fact that the District Court denied roughly 70% of the costs claimed by plaintiff in the Bill of Costs.  See Buffone, 2006 WL 3196931 at *1-3.

III.    **OBJECTION 3: Liquidated Damages Fees.[3]**

In her initial fee petition, plaintiff sought four hours for activities in connection with moving for $55,000 in liquidated damages pursuant to Fed. R. Civ. P. 59(e) under the FMLA.  See Rep. & Rec. at 23.  After evaluating the product of this activity, this Court found that this four hour entry was excessive in relation to the substance of the submission.  Id.  Accordingly, the Court reduced this four hour expenditure to one hour.  Id.  For this same class of recovery, plaintiff now seeks to recover an *additional* 47.75 hours for preparing written submissions seeking liquidated damages under the FMLA totaling $10,537.50.  Supp. Fee. Pet. at 4.  While plaintiff had not yet drafted the Reply brief in support of the liquidated damage award by September 18, 2006, it is inconceivable

---

[2]  The subject entries objected include the following entries: 9/20/2006 (PH) 2.00, 9/28/2006 (PR) 1.00, 9/28/2006 (EKH) .25, 10/3/2006 (PR) 2.00, 10/4/2006 (PR) 1.0, 10/4/2006 (PH) .5.

[3]  In accord with this Court's request that ROSEBUD object to specific time entries, ROSEBUD hereby adopts plaintiff's summary of the specific "liquidated damage" entries reflected in footnote 2 of plaintiff's Supplemental Petition for Attorney's Fees and Costs. See Supp. Fee. Pet. at 4.

that simply drafting this Reply brief could literally take almost *5 times as long* as drafting the initial motion.

For example, plaintiff seeks an additional 5 hours of research regarding liquidated damages when this Court already found that four previously-incurred hours of research on this same issue were unreasonable. See Supp Fee Pet. at Ex. 1 at v; Rep. & Rec. at 22-23. Plaintiff also seeks to recover two full hours for reviewing ROSEBUD's fifteen-page response to plaintiff's Motion for Liquidated Damages. Id. Further, while much of the preparation the liquidated damages issue was delegated to Paul Ryan, Mr. Hollander himself "block-billed" three full hours to apparently check Mr. Ryan's work on the liquidated damages issue. Id. at Ex. 1 at vi. Accordingly, ROSEBUD expressly challenges the reasonableness of these entries and urges the Court to simply and fairly award the same fees awarded in the initial Fee Petition pertaining to liquidated damages: one hour. See Cuevas v. Barnhart, 02 C 4336, 2004 WL 3037939, *1 (December 30, 2004, N.D. Ill.)(reducing unreasonable expenditure of time spent preparing reply brief to time spent preparing initial motion).

In the alternative, to compensate for the additional length of the Reply brief, ROSEBUD requests that fees for liquidated damages litigation vis-a-vis the Reply be applied at the same per page rate at which fees were awarded for the initial motion. As the Court awarded one hour for the five page initial motion, this calculation should result in a maximum award of three hours for preparation of the fifteen-page Reply brief thereto. Such award would not only more fairly provide a *reasonable* time expenditure for preparing such a document, but would comport with this Court's decision to "use the same criteria to judge [the Supplemental Fee Petition]" as in the Report and Recommendation. Rep. & Rec. at 29.

## IV. OBJECTION 4: Objections to Fees Incurred In Unsuccessfully Fighting ROSEBUD's Motion For Waive Posting of a Supersedeas Bond[4]

Plaintiff seeks to recover 7.25 hours of attorney time and $1,762.50 for unsuccessfully seeking to have the District Court deny ROSEBUD's Motion to Waive Posting of a Supersedeas Bond pending appeal of this matter. Supp. Fee Pet. at 5. Plaintiff filed a four page written response "opposing" this waiver. Notwithstanding, plaintiff's opposition was rejected by the District Court

---

[4] In accord with this Court's request that ROSEBUD object to specific time entries, ROSEBUD hereby adopts plaintiff's summary of the specific entries related to ROSEBUD's Motion to Waive the Supersedeas Bond reflected in footnote 3 of plaintiff's Supplemental Petition for Attorney's Fees and Costs. See Supp. Fee Pet. at 5.

and ROSEBUD's motion was granted. See Minute Entry (December 4, 2006)

First, it is appropriate to deny fees for work on unsuccessful motions that did not otherwise advance the case at hand and denials or reductions on such unsuccessful motions are legion. See e.g. Jones v. Fleetwood Motor Homes, 127 F. Supp. 2d 958, 973 (N.D. Ill. 2000); Sanders v. City of Chicago, 95 C 1400, 1996 WL 400053, *3 (July 15, 1996, N.D. Ill.)(Conlon, J.); Watson v. Sheahan, 94 C 6891, 1998 WL 708803, *4 (Sept. 30, 1998, N.D. Ill.); Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals, Inc., 264 F. Supp. 2d 753, 771 (S.D. Ind. 2003). This is especially true under circumstances where such motions are "unsuccessful procedural motions" that are not related to the substantive relief in the lawsuit. See Illinois Bell Telephone Co. v. Haines, 85 C 7644, 1989 WL 76012, *2 (July 3, 1989, N.D. Ill.)(Conlon, J.). In the present case, plaintiff's attempt to oppose the Court's waiver of the posting of a supersedeas bond was not only squarely rejected by the District Court, but had very little to do with the substance of the underlying litigation at all. Indeed, as the District Court did not order briefing on this issue, plaintiff's unilateral decision to oppose this procedural request itself was an unreasonable expenditure of time. Accordingly, all 7.25 hours sought for pursuing this should be denied

Second, even were this Court otherwise inclined to grant fees for this unsuccessful procedural motion, an expenditure of 7.25 for preparation of plaintiff's short four-page response is grossly excessive. As indicated above, with the extensive experience of Mr. Hollander in particular, the preparation of this short motion should not take anywhere near 7.25 hours and three people to complete. Accordingly, ROSEBUD requests that, at maximum, fees equivalent to those granted in the Report and Recommendation for preparation of the initial five-page liquidated damage motion (one hour) be awarded for preparation of this unsuccessful motion. See Rep. & Rec. at 22-23. Again, such a calculation would comport with this Court's decision to "use the same criteria to judge" the Supplemental Fee Petition as explained in the Report and Recommendation. Rep. & Rec. at 29.

## V. OBJECTION 5: Fee Arising From Appeal of Judgment[5]

Plaintiff seeks attorneys fees of $532.50 for 3.25 hours incurred with regard to the pending

---

[5] In accord with this Court's request that ROSEBUD object to specific time entries, ROSEBUD hereby adopts plaintiff's summary of the specific entries related to plaintiff's appellate work reflected in footnote 5 of plaintiff's Supplemental Petition for Attorney's Fees and Costs. See Supp. Fee Pet. at 5.

appeal in this matter. These fees are premature and not recoverable because plaintiff has not succeeded on this appeal and, accordingly, is not entitled to any fees for litigating these issues at this point. See Spellan v. Board of Educ. for Dist. 111, 69 F. 3d 828 (7th Cir. 1995);AA Sales & Associates, Inc. v. JT&T Products Corp., 98 C 7954, 2001 WL 855867, *3 (N.D. Ill. 2001)(party prevailing in underlying action not entitled to attorneys fees in defendant appeal "unless and until" they prevail in the appellate action).

## VI.   OBJECTION 6: Fee Arising From Plaintiff's Preparation of Objections to Fee Report and Recommendation.[6]

Plaintiff seeks to recover 2.75 hours of attorney time totaling $1,086.25 for time spent raising objections to this Court's Report and Recommendations. Supp. Fee. Pet. at 5. ROSEBUD has several specific objections to this time entry. First, recovery for fees for preparing objections to the Magistrate's Report and Recommendation would not only be "fees on fees" but would essentially be awarding "fees on fees on fees." As indicated above, courts in general disfavor awarding "fees on fees" and this disfavor further "dwindles" each time a successive petition is filed. Woodard, 2002 WL 31749179 at *3; Batt at 894; Spegon at 550; Muscare at 42; Northwestern Nat. Life Ins. Co. of Milwaukee, Wisconsin at 732. Second, as indicated several times above, an attorney of Mr. Hollander's experience should simply not be required to spend nearly three hours on a four-page motion that essentially just regurgitates his fully briefed position on billing rates set forth in the original Fee Petition. Third, as in plaintiff's unsuccessful attempt to fight the waiving of a supersedeas bond and plaintiff's attempt to prematurely receive fees for defending an unresolved appeal, there is no way to gauge the reasonableness of this procedural motion at this point because the District Court has not yet decided whether it will find plaintiff's particular objections well-founded. Accordingly, ROSEBUD requests this Court deny this request for "fees on fees on fees" outright or reduce it to a more reasonable .5 hour.

## CONCLUSION

_____For the reasons set forth above, ROSEBUD prays this Court award or deny attorneys fees pursuant to the above calculations.

---

[6] In accord with this Court's request that ROSEBUD object to specific time entries, ROSEBUD hereby adopts plaintiff's summary of the specific entries related to plaintiff's objections to the Report and Recommendation reflected in footnote 4 of plaintiff's Supplemental Petition for Attorney's Fees and Costs. See Supp. Fee Pet. at 5.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.


By:       s/ Steven B. Borkan
                                                         Steven B. Borkan


Steven B. Borkan - 6193463
Esther Joy Schwartz - 6181383
STELLATO & SCHWARTZ, LTD.
Defendant - Rosebud Restaurant, Inc.
120 N. LaSalle St., 34th Floor
Chicago, IL 60602
(312) 419-1011

11